UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  vs.<br><br>$10,560.00 U.S. CURRENCY,<br><br>    Defendant. | NO. CV-08-033-JLQ<br><br>**ORDER GRANTING MOTION TO DISMISS CLAIM OF CHERUBIM E. HURDLE** |

Before the court is Plaintiff United States' Motion to Dismiss Claim Filed by Cherubim Hurdle, with prejudice (Ct. Rec. 20). Ms. Hurdle filed her response on October 14, 2008 (Ct. Rec. 26), and the United States replied on October 24, 2008 (Ct. Rec. 27).

**IT IS HEREBY ORDERED**:

1. Plaintiff United States' Motion to Dismiss Claim Filed by Cherubim Hurdle, with prejudice, is **GRANTED**. Ms. Hurdle's claim failed to identify an actual claimant or state her specific interest in the property as required by 18 U.S.C. § 983(2)(c). Ct. Rec. 13. The claim in the current case is identical in its vague and incomplete nature to numerous other claims filed by Ms. Hurdle in similar forfeiture cases across the country. Ct. Rec. 20, Ex. D-G. Since this case is an *in rem* civil forfeiture case, the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions apply. Rule G(5) sets forth requirements for a valid claim that are similar to 18 U.S.C. § 983(2)(c). These requirements were not met by Ms. Hurdle in her claim. Ct. Rec. 13. The 9th Circuit requires "proper standing to contest a forfeiture both as a statutory matter and as an Article III and prudential requirement." *United States v. One 1985 Cadillac Seville*, 866 F.2d 1142, 1148 (9th Cir. 1989). Therefore, if a claimant fails to file a verified claim

ORDER - 1

pursuant to Rule G(5), the claimant "will have no standing as a party to the action." *United States v. Approximately $141,932.00 in U.S. Currency*, 2008 WL 190878, 2 (E.D.Cal. 2008), citing *United States v. Real Prop. Located in Fresno County*, 135 F.3d 1312, 1316-1317 (9th Cir. 1998). Accordingly, Ms. Hurdle lacks standing to make a valid claim against the currency in question.

2. The Plaintiff further moves to strike Ms. Hurdle's claim under Rule G(8)(c)(i)(A), which allows the Government to move, at any time before trial, to strike a claim or answer "for failing to comply with Rule G(5)..." Ms. Hurdle has failed to comply with the requirements of Rule G(5), therefore the court **STRIKES** Ms. Hurdle's claim (Ct. Rec. 13).

**IT IS SO ORDERED**. The Clerk is hereby directed to enter this Order, enter judgment dismissing Ms. Hurdle's claim with prejudice and striking it from the record, and furnish copies to the parties.

**DATED** this 28th day of October, 2008.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE