UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

    Plaintiff,

  vs.

$10,560.00 U.S. CURRENCY,

    Defendant.

NO. CV-08-033-JLQ

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT**

    **BEFORE THE COURT** is the Plaintiff's Motion for Summary Judgment (Ct. Rec. 52), to which Claimant Harley Fausett has responded in opposition (Ct. Rec. 66) and the Plaintiff has replied (Ct. Rec. 68), heard without oral argument. The Government moves for summary judgment in its favor pursuant to Fed. R. Civ. P. 56, contending that no issues of material fact exist regarding the currency being subject to forfeiture, and that Claimant Fausett cannot establish that he is an innocent owner of the currency as a matter of law. For the reasons stated herein, the Plaintiff's Motion for Summary Judgment is **DENIED**.

*A. Background*

    Claimant Harley Fausett was pulled over by a Washington State trooper on August 28, 2007 for a speeding violation on Interstate 90, between Spokane and Moses Lake. The passenger in Mr. Fausett's car was arrested, and a subsequent search of the vehicle resulted in the seizure of the $10,560.00 in question. Mr. Fausett told the state trooper, and currently maintains, that he was transporting the money to Moses Lake for his brother who was waiting for him there, to facilitate the purchase of a boat.

    The United States filed an *in rem* action against the currency on January 24, 2008

(Ct. Rec. 1), and Mr. Fausett filed his claim asserting lawful possession of the currency on March 13, 2008 (Ct. Rec. 11).  In depositions given in preparation for trial, Mr. Fausett maintained that he received the money in question from his mother, who had retrieved it from the family safe in Cheney.  Both Mr. Fausett, his brother Jared, and his mother Roxanne stated that approximately $6,000 belonged to Jared, $4,000 belonged to Roxanne, and that the sole purpose of the currency and its transport was to purchase a boat in Moses Lake, a legitimate, lawful purpose in no way related to a controlled substance..

Discrepancies in the facts arise in several places.  At the time of the traffic stop, Mr. Fausett told the state trooper that the money belonged to his brother; he subsequently told a DEA Agent who arrived on the scene that the money belonged to his father.  In his interrogatory responses, Mr. Fausett states that he received the money from his mother on October 19, 2007, notwithstanding the fact that the traffic stop in which the Defendant currency was seized took place on August 28, 2007.

*B.  Standard of Review*

"The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).  On summary judgment, inferences to be drawn from underlying facts contained in materials presented must be viewed in a light most favorable to the party opposing the motion.  *U.S. v. Diebold,* 369 U.S. 654 655 (1962).  The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; there must be no genuine issue of material fact.  *Anderson v. Liberty*

*Lobby*, 477 U.S. 242, 247 (1986). In a forfeiture case, summary judgment procedures must necessarily be construed in light of the statutory law of forfeitures, and particularly procedural requirements set forth therein. *U.S. v. One 56-Foot Yacht Named Tahuma*, 702 F.2d 1276, 1280 (9th Cir. 1983).

*C. Discussion*

As the moving party, the Government contends that there exists no genuine issues of material fact regarding the currency's proper forfeiture under 21 U.S.C. § 881(a)(6). Among property subject to forfeiture are "[a]ll moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter."

In support of this assertion the Government puts forth a plethora of circumstantial evidence. A drug dog alerted on the currency (Ct. Rec. 57, Attach. A, 13). Mr. Fausett has a history of controlled substance offenses (Ct. Rec. 57, Attach. G; Ct. Rec. 57, Attach. D, 54-5). The binder in which the currency was found contained notes allegedly referencing quantities and monies owed (Ct. Rec. 57, Attach. B). Police were unable to reach Mr. Fausett's brother with the cell phone number provided (Ct. Rec. 57, Attach. A, 11), though Mr. Fausett's brother maintains that his cell phone had died en route from Seattle to Moses Lake, and he was forced to use a pay phone to contact Mr. Fausett and his mother (Ct. Rec. 57, Attach I, 133:13-15). Mr. Fausett was arrested two months later with drug paraphernalia and a quantity of cash, and admitted to being en route to a drug market with the intent to purchase drugs (Ct. Rec. 57, Attach. G). The documented history of the vehicle Mr. Fausett was driving at the time of the seizure is inconsistent with his oral accounts (Ct. Rec. 57, Attach. I, 145:20-146:18; Ct. Rec. 57, Attach. K).

The Government has not satisfied its burden. Mr. Fausett argues in opposition that he was transporting the money to Moses Lake to give it to his brother so that he

could purchase a boat (Ct. Rec. 57, Attach. A, 10; Ct. Rec. 57, Attach. D, 51:19-28).  Mr. Fausett further contends that the money belonged to his mother and brother (Ct. Rec. 57, Attach. D, 52:11-16), and that he was at all times in lawful possession of the currency and it was never used in connection with any controlled substances (Ct. Rec. 1, 1).

Mr. Fausett's mother, Roxanne, supported these claims in her deposition, stating that $6,000 of the money belonged her son Jared, and that $4,000 belonged to her (Ct. Rec. 57, Attach. H, 83:1-2).  Roxanne stated that Jared contacted her about the money in question, to facilitate the purchase of a boat in Moses Lake, and that she arranged for Claimant Fausett to pick up the money and transport it (Ct. Rec. 57, Attach. H, 85:3-89:5).

Mr. Fausett's brother Jared supports the Claimant's contentions as well.  Jared stated that he saw a boat he wanted to purchase in Moses Lake, while driving back from Seattle (Ct. Rec. 57, Attach. I, 133:3-134:18).  Jared also stated that he directed Roxanne to give Claimant Fausett the money and have him bring it to him in Moses Lake (Ct. Rec. 57, Attach. I, 137:11-139:13).

When viewed in the light most favorable to Claimant Fausett, the non-moving party, the explanation given raises issues of fact  supported by deposition testimony, even if there exists circumstantial evidence suggesting otherwise.  Mr. Fausett disputes that the money was intended for any drug-related use, but was to be used to purchase a boat.  The Government has not proven that this explanation is categorically false; rather, it relies on circumstantial evidence to suggest that the money was to be or had been used in such a manner as to be subject to forfeiture under 21 U.S.C. § 881(a)(6).  A fact finder, when considering the evidence in the light most favorable to Mr. Fausett, could  determine that the currency is not subject to forfeiture because it was being used for a legitimate, lawful purpose.

The Government next contends that, assuming *arguendo* that it has been summarily established that the currency is subject to forfeiture under 21 U.S.C. § 881(a)(6), the burden shifts to Mr. Fausett to show that he is an "Innocent Owner"

ORDER - 4

pursuant to 18 U.S.C. § 983 in order to defeat the forfeiture, a burden he has not carried. "The government has the initial burden of establishing probable cause [at trial] connecting the seized property with illegal drug transactions. (Citations omitted).  If the government meets its burden, the burden then shifts to [the claimant] to prove, by a preponderance of the evidence, that the money was not connected with illegal drug activity." *U.S. v. Currency, U.S. $42,500.00*, 283 F.3d 977, 980 (9th Cir. 2002).

Whether or not the currency is subject to forfeiture under 21 U.S.C. § 881(a)(6) represents a genuine issue of material fact; therefore a determination of whether or not Claimant Fausett is an "Innocent Owner" under 18 U.S.C. § 983 is premature.  If a fact-finder were to determine that the currency in question is not subject to forfeiture under 21 U.S.C. § 881(a)(6), whether or not Mr. Fausett is an "Innocent Owner" is irrelevant.  The doctrine of the "Innocent Owner" is an affirmative defense to prevent an otherwise appropriate forfeiture from occurring; accordingly, it is superfluous to raise the defense if the currency in question is not subject to forfeiture under 21 U.S.C. § 881(a)(6), a genuine material fact that is at issue in this case.  See *U.S. v. Currency, U.S. $42,500.00*, 283 F.3d 977, 980 (9th Cir. 2002) and *U.S. v. Real Property Located at 414 Riverside Road, Oakview, Cal.*, 15 F.3d 1094, *1, (9th Cir. 1994)(noting that the assertion of being an "Innocent Owner" is an affirmative defense to prevent an otherwise appropriate forfeiture under 21 U.S.C. § 881 from occurring).  Mr. Fausett has never alleged, either in his Claim or in his opposition to the Motion for Summary Judgment, that he is the "Innocent Owner" of currency that would otherwise be subject to forfeiture under 21 U.S.C. § 881(a)(6).  Mr. Fausett's sole contention is that the currency is not, in fact, subject to forfeiture, therefore the merits of the affirmative defense of innocent ownership need not be reached.

In its reply, the Government argues that the Claimant's responsive  pleadings format is insufficient, and summary judgment should be granted in its favor.  It is true that the Claimant did not set forth a statement of facts in opposition to the Government's facts as required by LR 56.1(b); rather the Claimant adopts specific depositions supplied

in the Government's facts and references them internally in his memorandum. This argument suggest a degree of temerity on the part of the Government, considering that both their Motion for Summary Judgment and recently amended witness list were filed in an untimely manner and only with special leave of the court, in contravention of the local rules. Both public policy and the policy of this court favor the resolution of cases on their merits; the Claimant has pointed to the record with sufficient specificity to establish the presence of genuine issues of material fact. Accordingly,

**IT IS HEREBY ORDERED**.

The Plaintiff's Motion for Summary Judgment (Ct. Rec. 52) is **DENIED** for the reasons heretofore stated.

The Clerk is hereby directed to enter this Order and furnish copies to the parties.

**DATED** this 30th day of March, 2009.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE